**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JAASIEL BLAND | : | CIVIL ACTION |
| 5325 Smith Drive | : | |
| Indian Head, MD 20646 | : | |
| *Plaintiff* | : | NO. |
| v. | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | JURY TRIAL DEMANDED |
| 60 Massachusetts Avenue | : | |
| Washington, D.C. 20002 | : | |
| *Defendant* | : | |

## COMPLAINT

1.      The Plaintiff herein is Jaasiel Bland, a citizen and resident of Maryland, residing at 5325 Smith Drive, Indian Head, Maryland 20646

2.      The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec. 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3.      Defendant, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak"), is a corporation duly organized and existing under and by virtue of the laws of the District of Columbia with its principal place of business at the above address, and which regularly does business in the District of Columbia and through the United States of America.

4.      All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

5.      At all time material hereto, Plaintiff was employed by Defendant.

6.     All the property, equipment and operations involved in the accident herein referred to were owned by and under the control of the Defendant, its agents, servants and/or employees.

7.     At the time and place hereinafter mentioned, the acts of omission and commission causing the injuries to the plaintiff were done by the defendant, its agents, servants and/or employees, acting in the course and scope of their employment with and under the control of the defendant.

8.     On August 2, 2019, Plaintiff was in the engine house working on a yard locomotive located at Ivy City Maintenance Complex, 1401 T Street NE, Washington, DC 20018.

9.     A senior employee who was assigned as a mentor and plaintiff were changing oil filters.  Amtrak did not have a disposal container on the locomotive.

10.    To access the locomotive plaintiff was required to use an access platform.

11.    The senior employee and Plaintiff were required to carry the leaking oil filters over to and down the locomotive access platform.  There were spills from the leaking filters.  The only means readily available to clean the oil was a shop towel.

12.    There is a three (3) foot drop from the locomotive to the platform because the safety steps were missing.

13.    Plaintiff dropped down from the locomotive to the platform where his ankle twisted and rolled on a slick, oily spot on the platforms.

14.    Plaintiff notified his Senior Machinist about his injury and Senior Machinist told him to rest himself.

15.    On August 5, 2019, Plaintiff was in severe pain, but went to work.

16.    Plaintiff spoke with Senior Machinist who gave him a choice of working or resting. By 10:30 that morning, Plaintiff was in intense pain, so Senior Machinist told him to rest.

17.     Plaintiff finished his shift a 3:30pm and asked his wife to take him to the hospital.

18.     Plaintiff was given a boot and told not to put pressure on his foot.

19.     Plaintiff texted Melinda Washington as she is the point of contact for new employees and told her that he injured his foot.  He also told her that he had an X-ray done and that he was told to make an appointment with a foot specialist.

20.     Plaintiff called Melinda Washington on August 6, 2019, and told her about the injury event.

21.     Ms. Washington told Mr. Bland was not eligible for Workers' Compensation because Plaintiff had not been with Amtrak long enough.

22.     Later that same day of August 6, 2019, Ms. Washington told Plaintiff that they were going to put Mr. Bland on FMLA and to not worry about it.  Ms. Washington excused Plaintiff for the rest of the week.

23.     Plaintiff went to see a foot specialist and was told he had a fracture and deep tissue sprain.  The specialist put him out of service from August 16, 2019, to September 13, 2019.

24.     On August 22, 2019, Plaintiff received a letter from Jeremy Gross stating that Plaintiff's application for full-time employment was denied.

25.     Before August 22, 2019, Mr. Gross informed other members of Plaintiff's training class that Plaintiff was being terminated because he did not report an injury in a timely fashion.

26.     Plaintiff filed timely compliant with OSHA under the Federal Rail Safety Act.

27.     At least two hundred and ten days have passed since the complaint was filed with OSHA and there has been no final decision by the OSHA or the Department of Labor.

28.     The negligence and carelessness of the Defendant consisted of the following, inter alia:

a)   Failing to provide Plaintiff with a safe place to work;

b)   Failing to provide adequate training;

c)   Failing to maintain said equipment in a condition which would protect and safeguard the Plaintiff;

d)   Failing to use due care under the circumstances;

e)   Failing to maintain the safety steps in working order;

f)   Failing to repair the working platform and safety steps;

g)   Failing to provide a means to adequately clean up oil or fluid spillage.

29.   As a result of the aforesaid, Plaintiff suffered injuries to his right foot.  Plaintiff has been advised that some or all of the above may be permanent in nature.

30.   As a result of the aforesaid, Plaintiff had incurred a medically determinable physical impairment which prevented Plaintiff from performing all or substantially all of the material acts and duties which constitute his usual and customary work and limited his mobility and daily activities as well as enjoyment of life.

31.   As a direct result of the defendants' negligence, through their agents, servants, workmen and/or employees, the Plaintiff was unable to attend to his usual duties and occupations, all of which caused substantial financial loss.

32.   As a result of his report of an injury event at work and seeking medical treatment for the injury, Plaintiff was terminated for his position in violation of the Federal Rail Safety Act (FRSA). Plaintiff seeks all remedies under the FRSA including, but not limited to, reinstatement, back wages, seniority, RRB pension value, attorney fees and costs, and all remedies under the FRSA.

WHEREFORE, Plaintiff Jaasiel Bland claims all remedies available under the Federal Employer's Liability Act (FELA) and the Federal Railroad Safety Act (FRSA).

KELLER AND GOGGIN, P.C.

By:     */s/ James M. Duckworth*
        JAMES M. DUCKWORTH, ESQUIRE
        D.C. Bar Id. #PA0058
        jduckworth@keller-goggin.com
        Keller & Goggin, P.C.
        1420 Walnut Street, Suite 1108
        Philadelphia, PA 19102
        (215) 735-8780
        (215) 735-5126